UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRESSA RAE LINDSEY-ANDERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>USAA CASUALTY INSURANCE COMPANY; and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | No. 2:23-cv-02300-JAM-CSK<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

Before the Court is USAA Casualty Insurance Company's ("Defendant") motion for summary judgment. Def.'s Mot., ECF No. 10. Tressa Rae Lindsey-Anderson ("Plaintiff") failed to file a timely opposition. Pursuant to Local Rule 230(c), the Court construes Plaintiff's failure to oppose as a non-opposition to the motion. After the deadline to oppose had passed, Plaintiff filed a motion for reconsideration, asking the Court to extend the timeline for its opposition brief. Pl.'s Mot., ECF No. 14. Defendant opposed Plaintiff's motion. Response, ECF No. 17. For the following reasons, the Court grants Defendant's motion and denies Plaintiff's motion.[1]

---

[1] These motions were determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for August 5, 2025.

1

1    Defendant filed its motion for summary judgment on June 9,
2 2025, which made Plaintiff's opposition due by June 23, 2025.
3 See Def.'s Mot.  On June 18, 2025, the parties filed a
4 stipulation and proposed order to extend Plaintiff's deadline to
5 July 18, 2025.  Stipulation, ECF No. 11.  The Court denied this
6 stipulation.  Minute Order, ECF No. 13.  To date, Plaintiff has
7 not filed an opposition to the summary judgment motion.  Instead,
8 on July 1, 2025, Plaintiff filed a motion for reconsideration of
9 the Court's denial of the stipulation.  Pl.'s Mot. at 1.

10    Plaintiff's motion for reconsideration is without merit.
11 Plaintiff's only argument for reconsideration is that she has not
12 yet deposed certain defense witnesses.  See Pl.'s Mot. at 3.
13 Federal Rule of Civil Procedure 56(d) provides, "If a nonmovant
14 shows by affidavit or declaration that, for specified reasons, it
15 cannot present facts essential to justify its opposition, the
16 court may: (1) defer considering the motion or deny it; (2) allow
17 time to obtain affidavits or declarations or to take discovery;
18 or (3) issue any other appropriate order."  Fed. R. Civ. P.
19 56(d).  To satisfy this Rule, the requesting party must show:
20 "(1) it has set forth in affidavit form the specific facts it
21 hopes to elicit from further discovery; (2) the facts sought
22 exist; and (3) the sought-after facts are essential to oppose
23 summary judgment."  Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan
24 Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008).

25    As an initial matter, the Court need not consider this
26 argument because Plaintiff failed to satisfy the requirements of
27 Rule 56(d).  "References in memoranda and declarations to a need
28 for discovery" are insufficient under Rule 56(d), which "requires

2

1 | affidavits setting forth the particular facts expected from the
2 | movant's discovery.  Failure to comply with the requirements of
3 | Rule [56(d)] is a proper ground for denying discovery and
4 | proceeding to summary judgment." Brae Transp., Inc. v. Coopers &
5 | Lybrand, 790 F.2d 1439, 1443 (9th Cir. 1986).  But even if
6 | Plaintiff complied with the requirements of Rule 56(d), she still
7 | fails to explain what facts "exist" that are essential to her
8 | defense.  See Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan
9 | Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008).  Plaintiff has
10 | had 21 months to depose defense witnesses, and she "cannot
11 | complain if [she] fails to pursue discovery diligently before
12 | summary judgment."  See Brae Transp., 790 F.2d at 1443 (citation
13 | omitted).  As such, the Court rejects this argument and denies
14 | Plaintiff's motion.
15 | Turning to Defendant's motion, the Court holds that
16 | Defendant is entitled to summary judgment as to both of
17 | Plaintiff's claims.  Regarding the breach of contract claim,
18 | there is no genuine dispute that Defendant did not breach.
19 | Plaintiff and Defendant entered into an insurance policy ("the
20 | Policy") that provided Defendant would pay Plaintiff compensatory
21 | damages if she was injured by an uninsured motorist.  Davis
22 | Decl., Ex. 2, ECF No. 10-3.  The Policy provides that if the
23 | parties are unable to reach an agreement, a claim is subject to
24 | arbitration.  Id. at 16.  The parties went to arbitration, where
25 | the arbitrator awarded Plaintiff $162,563.66, which Defendant
26 | then paid to Plaintiff.  See Jones Decl., Ex. 6, ECF No. 10-6;
27 | Benson Decl. ¶ 7, ECF No. 10-4.  Because there is no genuine
28 | dispute that Defendant fulfilled its obligations under the

Policy, Defendant is entitled to summary judgment as to the breach of contract claim.

As for Plaintiff's claim of breach of the implied covenant of good faith and fair dealing, there is also no triable issue. Defendant correctly explains that it is entitled to summary judgment as to this claim for four reasons. See Def.'s Mot. at 13-15. First, Defendant argues that Plaintiff cannot sustain her allegation that Defendant acted unreasonably when it withheld payment and instead demanded arbitration. See id.; Compl. ¶ 19, ECF No. 1-1. Defendant is correct that the Policy explicitly allowed it to proceed to arbitration, and therefore its decision to do so cannot constitute bad faith. See Davis Decl., Ex. 2 at 16.

Second, Defendant argues that Plaintiff cannot succeed on her allegation that Defendant acted in bad faith by not offering a higher settlement offer. See Def.'s Mot. at 15-18; Compl. ¶ 19. As Defendant explains, there existed a genuine dispute regarding the extent of Plaintiff's injuries, as Defendant's expert, Dr. Kimberly Miller, concluded that there was no "clear evidence that would suggest cognitive impairment or cognitive decline." See Def.'s Mot. at 7. "It is now settled law in California that an insurer . . . delaying the payment of policy benefits due to the existence of a genuine dispute with its insured as to . . . the amount of the insured's coverage claim is not liable in bad faith . . . ." Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co., 90 Cal. App. 4th 335, 347 (2001) (citation omitted). Accordingly, Plaintiff cannot create a triable issue based on Defendant's decision not to make a

4

higher settlement offer.  Similarly, Defendant is correct that Plaintiff cannot sustain this claim on the gap between Defendant's settlement offer of $30,000 and the ultimate arbitration award of $162,563.66.  See Def.'s Mot. at 15; Jones Decl. ¶ 9.  In Fraley v. Allstate Insurance Co., the court held that a $249,500 difference between an initial repair estimate and the ultimate arbitration award did not constitute a triable issue regarding plaintiff's claim for bad faith.  81 Cal. App. 4th 1282, 1291 (2000).  Applying Fraley to the facts at hand, the Court holds that Plaintiff cannot create a triable issue by pointing to a difference of $132,563.66 between Defendant's settlement offer and her ultimate arbitration award.

Third, Defendant argues that Plaintiff cannot create a triable issue based on Dr. Miller's refusal to allow Plaintiff to record her examination.  See Def.'s Mot. at 18.  The Court agrees with Defendant that there is no evidence showing that Dr. Miller's decision was made in bad faith or that Plaintiff's inability to record her examination frustrated the Policy.  See id. at 18-20.

Finally, Defendant argues that Plaintiff's allegation of bad faith regarding her medical payment claims is time barred.  In May 2020, Defendant issued Plaintiff payment for medical expenses stemming from her accident.  Porter Decl. ¶¶ 8-10, ECF No. 10-7.  The statute of limitations for any claim regarding these payments is two years.  Cal. Civ. Proc. § 339.  Plaintiff did not bring the present action until September 2023 — more than three years after she was reimbursed for medical expenses.  See Notice of Removal, ECF No. 1.  Accordingly, because Plaintiff does not

argue that any exception or grounds for tolling applies, Defendant is correct that this allegation is time barred. See Def.'s Mot. at 21-22.

ORDER

For the reasons set forth above, Defendant's motion for summary judgment is GRANTED and Plaintiff's motion for reconsideration is DENIED. The Clerk of the Court is directed to enter judgment in favor of Defendant USAA Casualty Insurance Company and close this action.

IT IS SO ORDERED.

Dated: July 29, 2025

JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE